UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No. 8:20-cr-243-CEH-AEP

vs.

NICOLAS RANTON MATARRETA

## DEFENDANT NICOLAS RANTON MATARRETA'S SENTENCING MEMORANDUM AND MOTIONFOR VARIANCE AND DEPARTURE FROM SENTENCING GUIDELINES

Defendant NICOLAS RANTON MATARRETA stands before this Honorable Court for sentencing after pleading guilty to one count of conspiracy to distribute and to possess with intent to distribute five kilogramsor more of cocaine while aboard a vessel operating within the jurisdiction of the United States in violation of 46 U.S.C §§ 70503(a), 70506(a) and (b) and 21 U.S.C 960(b)(1)(b)(ii). As the Courtshave gradually shifted away from the mandatory nature of Federal Sentencing Guidelines, district courts are now empowered consider all aspects of a crime, all qualities of the defendant, and all possible punishments when fashioning a sentence. For the reasons argued herein, Mr. Ranton Matarreta and counsel submit that a departure and variance from the proposed guidelines is warranted and that asentence below the advisory guideline range would be sufficient, but not greater than necessary toachieve the sentencing objectives enumerated in 18 U.S.C § 3553(a).

## I.   INTRODUCTION

Apart from his conduct in this case, NICOLAS RANTON MATARRETA has spent the past 31 years of his life as a law-abiding laborer from the city of Limon, Costa Rica. (*See* Presentence Investigation Report Page 11, ¶¶ 53 [hereinafter PSR]). He has worked in this capacity since high school since he told specialized classes in shipping. (PSR ¶¶ 52).

Mr. Ranton Matarreta understands the seriousness of his offense and respects that he must be punished for his actions. However, given his cooperation with the government and the minimal role he played in the smuggling operation, he respectfully requests that this court consider the following relevant 18 U.S.C § 3553(a) factors and impose a sentence below the advisory guideline range. Further, as the PSR does not consider Mr. Ranton Matarreta's minimal role when it recommends 87 to 108 months in prison, he respectfully asks this court to consider a minimal role reduction. Mr. Ranton Matarreta was a mariner on a 4 person go-fast vessel.  He was neither the captain, skipper nor apprised of the detailed of the date, time, weight and location where the contraband shipment would be.  He only was aware that it was coming at some point during the expedition.

Finally, as the court will learn from Mr. Ranton Matarreta's story, he is an younger gentleman who had no contact with law enforcement prior to this incident nor did he participate in any other ventures.  He is not a fisherman but trade nor did he ever work in the capacity as a sailor or have experience with boats or motors. (PSR ¶ 53). Mr. Ranton Matarreta is interested in returning to Costa Rica to spend the remaining years of his life with his wife and watching his children grow up. (PSR ¶ 35). A sentence that allows him to do so is both warranted and justified. Thus, Mr. Ranton Matarreta asks this Court to sentence him to the lowest permissible term of incarceration with the ability to participate in UNICOR to learn auto mechanics or any other vocational training provided. (PSR ¶ 53).

## II.     HISTORY AND CHARACTERISTICS OF MR. RANTON MATARRETA

Mr. Ranton Matarreta is a 31-year-old Cost Rican National. Despite enduring unstable circumstances growing up, he has strived live a positive and productive life in support of his family prior to this incident.

*Childhood and Young Adult Life*

Mr. Ranton Matarreta was born September 17, 1989, in Limon, Costa Rica. His father, Nicolas Panton Brown, who worked as a security guard and Lucrecrecia Matarreta Cascante, whom was a wonderful mother who was a housewife and provided was for her 5 minor children. (PSR ¶ 41). Raised by his parents in limited resources, Mr. Ranton Matarreta was still able to complete high school. Mr. Ranton Matarreta began his life after school working odd jobs as a general service laborer provide income for his family. (PSR ¶ 53). Mr. Ranton Matarreta undoubtedly had a difficult childhood due to lack of resources, which is another factor district courts have taken into consideration for sentencing purposes and the basis on which they have granted downward departures from sentencing guidelines. United States v. Ruiz, No. 06CR543(PKC), 2009 WL 636543 (S.D.N.Y. Mar. 11, 2009, at 1 (noting that the defendant's "difficult childhood" was a factor that the courts considered in granted a sentence below the sentencing guidelines).

*A. Family*

Mr. Ranton Matarreta is fortunate to still have the love and support of his wife Xotchill Fonseca Molina back home. Ms. Molina is working hard to provide for her family and currently in graduate school. Prior to Mr. Ranton Matarreta's incarceration, he provided financial support for her and their children.

Mr. Ranton Matarreta has five siblings, whom he maintains a good relationship with. Mr. Ranton

4

Matarreta plans to return to Costa Rica to continue supporting his wife. (PSR ¶ 53).

*A. Employment and Health*

Mr. Ranton Matarreta has spent 0 of his 31 years employed as a fisherman. He worked as a laborer all of his adult life and has no experience as a mariner. He had income that varied month to month, his financial situation was often unstable. (PSR ¶ 53).

vi. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE WARRANT VARIANCE**

A sentencing court must "impose a sentence sufficient, but not greater than necessary,' 18 U.S.C § 3553(a), to achieve the overarching sentencing purposes of 'retribution, deterrence, incapacitation, and rehabilitation.'" Rosales-Mireles v. United States, 138 S. Ct. 1897, 1903 (2018) (quoting Tapia v. United States, 564 U.S. 319 325 (2011); accord 18 U.S.C § 3553(a)(2).

Additionally, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, and sometimes magnify, the crime and the punishment . . ." Pepper v. United States, 562 U.S. 476, 487 (2011) (quoting Koon v. United States, 518 U.S. 81. 113(1996)).

Mr. Ranton Matarreta's poor financial situation, the need to provide food for his children, and his responsibility to help his wife finish her schooling led to a lapse in judgment and participation in this offense. (PSR ¶ 42) Although he wanted to help his wife and contribute financially to his household, Mr. Ranton Matarreta is devastated by the thought that his offense has put his family in a worse position. He does not dispute his guilt or the seriousness of his offense, but the factors contained in 18 U.S.C § 3553(a)(2) do not warrant a substantial period of imprisonment in this case.

Mr. Ranton Matarreta has demonstrated respect for our legal system throughout this process despite his lack of familiarity with our processes or any allegiance to this country. He entered a timely guilty plea (PSR ¶ 5) has clearly demonstrated acceptance of responsibility for the offense (PSR ¶ 26), assisted authorities in the prosecution of his own misconduct (PSR. ¶27), and was cooperative during his interview by the United States Probation Officer (PSR. ¶ 27). See 18 U.S.C. § 3553(a)(2)(A).

A just punishment should also consider less traditional elements of his punishment such as: he will be incarcerated in a foreign country where he does not know anyone, he does not speak a word of English, and his family will be unable to visit him. Given the psychological and emotional challenges he will have to overcome in such a short period of time, any period of incarceration will adequately deter him from any criminal conduct in the future. Mr. Ranton Matarreta has already felt the consequences of his actions as he has been unable to be the provider his family hasalways depended on. *See* 18 U.S.C 3553(a)(2)(B).

Mr. Ranton Matarreta's responsibility to his family back home, his age, distinguish him from others convicted of the same offenses for sentencing purposes because they reduce his likelihood of reoffending and shorten his life expectancy. Thus, the need to protect the public from further

crimes committed by Mr. Ranton Matarreta is low. *See* 18 U.S.C. § 3553(a)(2)(C).

Mr. Ranton Matarreta would benefit from educational or vocational training, medical care, or other correctional treatment in prison. However, his status as an undocumented immigrant will likely prevent him from participating. Mr. refrigeration and theology mechanical engineering while incarcerated. (PSR ¶ 52).

This Court should exercise its broad discretion and impose a less stringent sentence than the one suggested by the Guidelines in this case, especially since Mr. Ranton Matarreta timely pled guilty, accepted responsibility for his actions, and will likely be deported upon completion of his sentence and prohibited from re-entering the United States. Incarceration, in accordance with the advisory sentence under the sentencing guidelines, would consume most of Mr. Ranton Matarreta's productive years as a source of financial support for his family.

    vii.   **MR. RANTON MATARRETA'S ROLE WARRANTS A DOWNWARD DEPARTURE**

Section 3B1.2 of the Guidelines provides an adjustment of two, three, or four levels for a defendant who plays a role "substantially less culpable than the average participant in the criminal activity." United States Sentencing Commission, *Guidelines Manual*, § 3B1.2, comment. (n.3(A)) (Nov. 2018). This Section was amended in 2015 after the Commission conducted a study, which "found that mitigating role is applied inconsistently and more sparingly than the Commission intended." USSG App. C, amendment 794. Specifically, the Commission "revise[d] the commentary to emphasize that 'the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative' and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." USSG App. C, amendment 794 (quoting USSG § 3B1.2, comment (n.3(C)).

According to this section, a sentencing court must "consider the totality of the circumstances, USSG § 3B1.2, comment (n.3(C)). assessing 'first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and second, [his] role as compared to that of other participants in [his] relevant conduct.'" *United States v. Colorado*, 716 Fed. Appx. 922, 924 (11th Cr. 2017) (per curiam) (quoting *United States v. Rodriguez De Varon*, 175 F.3d 930,939 (11th Cir. 1999) (en banc)). The Commentary to USSG § 3B1.2 provides a non-exhaustive list of factors to consider in this fact-intensive inquiry, which includes:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 comment. (n.3(C)).

Mr. Ranton Matarreta's participation in the offense should be characterized as minimal given his limited knowledge and control over the offense. *Contra United States v. Moreno*, 199 Fed. Appx.839, 842 (11th CIR. 2006) (describing the defendant as "a knowing and willing participant in a drug smuggling venture"). The probation office came to the conclusion that Mr. Ranton Matarreta's limited education and resources made him susceptible to recruitment into this operation. (PSR ¶ 77).

Mr. Ranton Matarreta was forthright and admitted that he knew about the smuggling operation, but he never actually handled the cocaine. (PSR¶ 16). Additionally, Mr. Ranton Matarreta was not advised on the inner working of the scheduled drop off time/amount that was

8

shared with other co-defendants. (PSR ¶ 17).

There is no evidence that Mr. Ranton Matarreta had any ownership interest in the drugs, any decision-making authority, or played any role beyond portraying his normal role as a fisherman. (*See* R & R.2, ECF No. 180.): *see also* USSG § 3B1.2 comment. (n.3(C)) ("[A] defendant who does not have a proprietary interest in the criminal activity should be considered for an adjustment under this guideline."). As an experienced lifelong fisherman, it likely that Mr. Ranton Matarreta was recruited in the operation to pose as a fisherman, and his only responsibility was to diminish the suspicion of authorities.

Even if his role cannot be described as minimal, Mr. Ranton Matarreta's role should at least qualify as minor or somewhere in between. *See* USSG § 3B1.2 ("In cases falling between (a) and (b), decrease by 3 levels."). A minor participant is someone "who is less culpable than most other participants in the criminal activity." USSG § 3B1.2 comment. (n.5) Having determined that Mr. Ranton Matarreta's limited education and resources made him more susceptible to recruitment into this operation, the probation office agrees that he was less culpable than the mariner's that handled and jettisoned the stash, as well as those who had a proprietary interest in the distribution of the illicitsubstance.

Had the Presentence Investigation Report properly incorporated a mitigating role adjustment, Mr. Ranton Matarreta's Base Offense Level would be reduced significantly pursuant to USSG §2D1.1(a)(5). Essentially, since his base level offense is 34, an additional 3 levels.

v. **THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES**

Mr. Ranton Matarreta should not receive a sentence unjustifiably disparate from sentences imposed in other Maritime Drug Law Enforcement cases. In determining a sentence, 18 U.S.C. § 3553(a)(6) instructs that the sentencing court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

10

conduct."

## VII. CONCLUSION

For the reasons stated above, Mr. Ranton Matarreta respectfully requests that the Court grant Mr. Ranton Matarreta a downward departure for his role in the offense. He respectfully suggests that a departureand variance below the guideline range would be sufficient but not greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

Respectfully submitted,

By: /s/ Cynthia J. Hernandez, Esq.
Cynthia J. Hernandez, Esq.
Florida Bar No. 010422
506 N. Armenia Ave.
Tampa, FL 33609
Tel. (813) 841-2933
Fax (813) 864-6735
E-mail: cynthia@cynthiahernandezlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERIFY** that on September 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

AUSA Daniel Baeza

/S/ Cynthia J. Hernandez

Cynthia J. Hernandez, Esquire